**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-5055**

---

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

VINCE AKINS, a/k/a Vincent Akinkunmi Gbenga, a/k/a
Akinkunmi Vince Olugbanga, a/k/a Vincent Akinkunmi, a/k/a
Olugbenga Junior Akinkunmi,

                Defendant – Appellant.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, District Judge.
(1:06-cr-00152-JFM-1)

---

Argued:  May 15, 2009                  Decided:  June 29, 2009

---

Before MICHAEL, SHEDD, and AGEE, Circuit Judges.

---

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion,
in which Judge Michael and Judge Agee joined.

---

**ARGUED:** Booth Marcus Ripke, NATHANS & BIDDLE, LLP, Baltimore,
Maryland, for Appellant. Tamera Lynn Fine, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF:**
C. Justin Brown, NATHANS & BIDDLE, LLP, Baltimore, Maryland, for
Appellant.   Rod J. Rosenstein, United States Attorney,
Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Vince Akins appeals from his convictions for bank fraud, arguing that the district court erred by denying his motion for judgment of acquittal. Because we conclude that substantial evidence supports Akins' convictions, we affirm.

I

A grand jury returned a nine-count indictment against Akins, but only four of those counts are relevant to this appeal and in all four he was charged with violating 18 U.S.C § 1344 by using a fraudulent social security number ("SSN") to obtain loans. In Count 6, he was charged with using the fraudulent SSN to obtain a $50,000 loan from Branch Banking & Trust Company ("BB&T"). He was charged in Count 7 with using the fraudulent SSN to obtain a $174,000 line of credit from BB&T. In Count 8, he was charged with using the fraudulent SSN to obtain a $25,000 credit card from BB&T.[*] He was charged in Count 9 with using the fraudulent SSN to obtain a credit card from American Express Corp.

---

[*] In addition to violating § 1344 by using a fraudulent SSN, each of the three counts involving BB&T alleged that Akins violated § 1344 by providing false income information. Because we find that substantial evidence relating to Akins' fraudulent SSN supports his convictions, we do not address his use of the false income information.

The jury found Akins guilty on all nine counts. He then moved for a judgment of acquittal on all counts. After denying his motion, the district court sentenced him to terms of 60 months imprisonment on each count, with all of the terms running concurrently. This appeal followed.

II

Akins argues that the district court erred in denying his motion for judgment of acquittal as to Counts 6, 7, 8 and 9. We review de novo the district court's ruling on a motion for judgment of acquittal, and we will uphold the verdict if, viewing the evidence in the light most favorable to the government, each element of the charged offense is supported by substantial evidence. United States v. Alerre, 430 F.3d 681, 693-95 (4th Cir. 2005). Substantial evidence "is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

A conviction under § 1344 requires the government to prove four elements beyond a reasonable doubt: "(1) that the defendant made a false statement to a bank; (2) that he did so for the purpose of influencing the bank's action; (3) that the statement was false as to a material fact; and (4) that the defendant made

the false statement knowingly." United States v. Bales, 813 F.2d 1289, 1294 n.2 (4th Cir. 1987). On appeal, Akins only challenges the sufficiency of the evidence with respect to the third element discussed above – i.e., whether his false statements were "material" to BB&T's and American Express' lending decisions. In the context of § 1344, the Supreme Court has stated that "a false statement is material if it has a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." Neder v. United States, 527 U.S. 1, 16 (1999) (quotation marks omitted).

A.

Turning first to the three counts relating to BB&T, we find that substantial evidence supports a finding that Akins' false statements about his SSN were material. Regarding Count 7, which involved Akins' receipt of the $174,000 line of credit, the government introduced into evidence a document titled "BB&T Personal Financial Statement" (the "Statement"), which was part of Akins' application for that line of credit. The Statement, which Akins signed and which included a fraudulent SSN used by Akins, reads in part: "The information contained in this statement is provided to induce BB&T to extend or to continue the extension of credit to the undersigned . . . . The undersigned acknowledge[s] and understand[s] that BB&T is

4

<u>relying</u> on the information provided herein in deciding to grant or continue credit or to accept a guaranty thereof." J.A. 596 (emphasis added). In other words, the Statement indicates that BB&T relied on the fraudulent SSN provided by Akins when it made its lending decision. Viewing this evidence in the light most favorable to the government, we find that it is sufficient to support a finding that Akins' use of the fraudulent SSN was material to the BB&T lending decision at issue in Count 7.

The Statement also provides a basis for affirming Akins' convictions on Count 6 (the $50,000 BB&T loan) and Count 8 (the $25,000 BB&T credit card). A BB&T branch manager testified that he used the documentation associated with Akins' application for the $174,000 line of credit when he processed Akins' application for the $50,000 loan and the $25,000 credit card. <u>See</u> J.A. 112-16. Because the Statement was part of Akins' application for the $174,000 line of credit, we find that substantial evidence supports a finding that Akins' use of the fraudulent SSN was material to the BB&T lending decisions at issue in Counts 6 and 8.

B.

Finally, we address Akins' argument regarding Count 9. As indicated above, Count 9 charged Akins with obtaining an American Express card by using a fraudulent SSN. As part of the process of obtaining this card, Akins submitted an application

5

to American Express in 2003. During the trial, the government offered the testimony of an American Express employee in charge of investigations. The employee's testimony indicated that when American Express approves a credit card application such as the one submitted by Akins, it does so based on an examination of the information that is provided to American Express. See J.A. 160. One piece of information Akins included in the credit card application he provided to American Express was his fraudulent SSN. See J.A. 159. Viewing this evidence in the light most favorable to the government, we find that substantial evidence supports a finding that Akins' false statement about his SSN was material to American Express' lending decision.

III

Based on the foregoing, we affirm the district court's judgment.

AFFIRMED